[Cite as *State v. Hill*, 2015-Ohio-3916.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26455 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-1474 |
| | : | |
| KIAIR HILL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 25th day of September, 2015.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

JOHN S. PINARD, Atty. Reg. No. 0085986, 120 West Second Street, Suite 603, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

    **{¶ 1}** Kiair Hill appeals from his conviction and sentence following a no-contest plea to one count of carrying a concealed weapon, a fourth-degree felony.

**{¶ 2}** Hill advances two assignments of error. First, he contends the trial court erred in sentencing him under the wrong section of the Ohio Revised Code. Second, he claims the trial court erred in denying a motion for intervention in lieu of conviction (ILC).

**{¶ 3}** The record reflects that Hill moved for ILC after his indictment on the concealed-weapon charge. The trial court denied the motion, finding him statutorily ineligible because ILC would demean the seriousness of his offense and would be unlikely to reduce future criminal behavior. After the trial court denied the motion, Hill entered a no-contest plea. The trial court found him guilty and sentenced him to community control. In so doing, it opined that it was imposing "mandatory community control." This appeal followed.

**{¶ 4}** In his first assignment of error, Hill infers from the trial court's statement about mandatory community control that he was sentenced under R.C. 2929.13(B)(1)(a), which mandates community control for specified offenses. Hill asserts that his concealed-weapon charge is not among those offenses. Therefore, he argues that he should have been sentenced under R.C. 2929.13(B)(2), which makes community control discretionary for offenses including carrying a concealed weapon.

**{¶ 5}** Upon review, we agree that Hill's concealed-weapon offense subjected him to discretionary community control under R.C. 2929.13(B)(2) rather than mandatory community control under R.C. 2929.13(B)(1). *See State v. Taylor*, 2014-Ohio-2821, 15 N.E.3d 900 (2d Dist.). For purposes of the sentence he received, however, we fail to see how Hill was prejudiced by the trial court's apparent belief that community control was mandatory rather than discretionary. If anything, he benefitted from the trial court's misapprehension.

{¶ 6} The only conceivable prejudice to Hill from the trial court's belief that community control was mandatory involves not its imposition of community control but its denial of ILC. Arguably, a defendant subject to mandatory community control under R.C. 2929.13(B)(1), is not eligible for ILC whereas a defendant subject to discretionary community control under R.C. 2929.13(B)(2) is ILC eligible. *See Taylor* at ¶ 14, fn. 4 (recognizing this apparent anomaly). However, as explained more fully in our resolution of the second assignment of error, *infra*, the trial court correctly found Hill statutorily ineligible for ILC for reasons unrelated to its belief that community control was mandatory. That being so, the trial court's misapprehension about the nature of community control did not prejudice Hill's ILC request either. *Compare State v. Hardwick*, 2d Dist. Montgomery No. 26283, 2015-Ohio-1748, ¶ 17 (finding it immaterial whether R.C. 2929.13(B)(1) made the defendant ineligible for ILC where the trial court correctly found him ineligible for other reasons). Consequently, we find harmless error in the trial court's belief about community control being mandatory. The first assignment of error is overruled.

{¶ 7} In his second assignment of error, Hill contends the trial court erred in finding him ineligible for ILC. In support of this determination, the trial court addressed Hill and stated:

Sir, I am going to find that you are not eligible for intervention in lieu of conviction because I'm going to first find that it would demean the seriousness of the offense but also that it would not reduce a criminal behavior in the future. You have several misdemeanor convictions. My primary concerns are that you have a prior conviction for assault but it was

amended from a domestic violence. In addition, you have an assault and a domestic violence that were dismissed; a resisting arrest that is currently pending as well as a trespass and an obstruction of justice. And as I said, given the fact that you had a weapon and you have these prior assaultive behaviors, I'm going to find that you are not eligible for intervention in lieu of conviction because it would demean the seriousness of the offense. And, as I said, that it is not likely that it would substantially reduce any likelihood of future criminal activity by you.

(Tr. at 2-3).

{¶ 8} On appeal, Hill claims "the only reason for his intervention in lieu of conviction denial was the prior misdemeanors on his record." (Appellant's brief at 4). He then argues that his prior misdemeanor convictions, alone, were insufficient to render him ineligible for ILC. Hill also argues that the trial court should not have considered any dismissed or pending charges or the domestic-violence charge that later was reduced to assault. (*Id.* at 4-5). In short, he asserts that he is ILC eligible because his misdemeanor convictions were not enough for the trial court to conclude otherwise. (*Id.* at 5).

{¶ 9} "In order for an offender to be statutorily eligible for ILC, the trial court must find that all ten of the criteria set forth in R.C. 2951.041(B) are met." *State v. Branch*, 2d Dist. Montgomery No. 25261, 2013-Ohio-2350, ¶ 15. One of those prerequisites is that "[t]he offender's drug usage, alcohol usage, mental illness, or intellectual disability, whichever is applicable, was a factor leading to the criminal offense with which the offender is charged, *intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future*

*criminal activity.*" (Emphasis added.) R.C. 2951.041(B)(6). We have expressed mixed reasoning for the application of a standard of review to be applied here. We have held that the decision whether to grant a motion for intervention in lieu of conviction lies in the trial court's sound discretion. *State v. Lindberg*, 2d Dist. Greene No. 2005–CA–59, 2006-Ohio-1429, ¶ 4, citing *State v. Devoe*, 2d Dist. Montgomery No. 18999, 2002-Ohio-4333. (holding, under the similar former treatment in lieu of conviction statute, that whether an offender's drug dependence was a factor leading to criminal activity or whether ILC would reduce the likelihood of additional criminal activity are issues reviewed on an abuse of discretion standard.) In *Lindberg*, although there was evidence of alcohol abuse, the trial court denied ILC because "the court fails to find that alcohol or drug usage * * * was a factor leading to the defendant's criminal behavior." *Id.*, ¶ 6. That, we also said, was reviewed on an abuse of discretion. More recently we have held "'[e]ligibility determinations are matters of law subject to de novo review.'" *Branch* at ¶ 15, quoting *State v. Baker*, 2d Dist. Montgomery No. 24510, 2012-Ohio-729, ¶ 8. But some of the "eligibility determinations," like whether the offender has a prior conviction for a felony offense of violence or whether the charged offense has a mandatory prison term, do not involve the exercise of the trial court's judgment and are more appropriately reviewed de novo. Other eligibility criteria, like here where the issue is whether ILC would demean the seriousness of the offense or reduce the likelihood of future criminal activity, require the exercise of judgment by the trial court and we should defer to that judgment as long as the proper statutory criteria are applied. Despite the above quoted de novo review language of *Branch* and *Baker*, we have previously suggested that de novo review does not apply to discretionary eligibility determinations. "In contrast, the trial court must

exercise its discretion based on the facts of each case when determining whether ILC would not demean the seriousness of the offense or substantially reduce the likelihood of any future criminal activity, as those determinations are more fact sensitive and subjective than the other qualifying factors." *State v. Hardwick, supra*, ¶ 23. Nonetheless, for this case, we will apply the more stringent de novo review of the trial court's finding regarding the eligibility requirements that ILC would demean the seriousness of Hill's offense and that ILC would not substantially reduce the likelihood of future criminal activity.

{¶ 10} As an initial matter, we note that the trial court's references to Hill's criminal record seem most relevant to its finding that ILC would not substantially reduce the likelihood of future criminal activity. In other words, the trial court seemed to conclude, based on Hill's criminal history, that he likely would commit future crimes if he received ILC. Even if we assume, arguendo, that the trial court erred in (1) taking into account his reduced, dismissed, or pending charges and in (2) reaching its conclusion based on a criminal record that contained only misdemeanor convictions, Hill's appellate brief fails to address the trial court's alternative finding that granting him ILC would demean the seriousness of his current concealed-weapon offense. Under R.C. 2951.041(B)(6), that finding alone, if it stands, renders Hill statutorily ineligible for ILC.

{¶ 11} Having reviewed the record, we agree that granting Hill ILC would demean the seriousness of his current offense without regard to his prior criminal record. The record before us contains an ILC report that sets forth the circumstances surrounding the current concealed-weapon charge. According to the report, two police officers saw Hill loitering with a large group of males outside an apartment at the Northland Village apartment complex. The officers recognized Hill and knew he had been "trespassed" from

the premises. They parked in front of the group, exited their cruiser, and advised Hill that he was under arrest. Hill responded by fleeing. While pursuing Hill, the officers noticed that he kept his right arm tucked close to his body as if to keep a firearm from falling out of his clothing. One of the officers tackled Hill and yelled at him to show his hands. Hill responded by keeping his right arm tucked close to his side. Although Hill resisted and grabbed the officer's forearm, the officer managed to get him into a headlock. The second officer then arrived and helped detain Hill. Once Hill was under control, the officers found a loaded handgun in his right front pants pocket.

{¶ 12} Based on Hill's act of trespassing at Northland Village while carrying a loaded firearm and then resisting arrest and ignoring a command to show his hands while scuffling with an officer, we agree with the trial court that ILC would demean the seriousness of his current concealed-weapon offense. This is not a case where Hill simply was found in possession of a concealed weapon. Accordingly, the second assignment of error is overruled.

{¶ 13} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

DONOVAN, J., concurring in part and dissenting in part:

{¶ 14} I disagree with the majority's resolution of the ILC eligibility determination. At the time his ILC application was denied, Hill's charges of Trespassing, Obstructing Official Business and Resisting Arrest were still pending in Case No. 14CRB973 in Vandalia Municipal Court.

**{¶ 15}** In my view, utilizing unproven misdemeanor conduct to deny ILC is error. Although Hill admitted he ran from police while on the property of Northland Village, the criminal conduct relied upon by the trial court had not been established beyond a reasonable doubt.

**{¶ 16}** In my view, once again the trial court has engrafted a more restrictive analysis to deny an ILC application. *See generally State v. Baker*, 2d Dist. Montgomery No. 24510, 2012-Ohio-729; *State v. Hardwick*, 2d Dist. Montgomery No. 26283, 2015-Ohio-1748 (*see specifically* dissent, Donovan, J.). I would reverse and remand for imposition of ILC.

. . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
John S. Pinard
Hon. Mary K. Huffman