[Cite as *State v. Gilbert*, 2015-Ohio-4509.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2014-CA-116 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-274 |
| | : | |
| ROBERT GILBERT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 30th day of October, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio. 45502
    Attorney for Plaintiff-Appellee

GREGORY LIND, Atty. Reg. No. 0055227, One South Limestone Street, Ground Floor, Suite D, Springfield, Ohio, 45502
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Robert Gilbert, appeals from the 15-month prison sentence he received in the Clark County Court of Common Pleas after he pled guilty to carrying a concealed weapon. For the reasons outlined below, Gilbert's sentence will be affirmed.

{¶ 2} On April 21, 2014, Gilbert was indicted on one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, as well as one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree. Pursuant to a plea agreement, on August 26, 2014, Gilbert pled guilty to carrying a concealed weapon in exchange for the State dismissing the tampering with evidence charge. Thereafter, on September 16, 2014, the trial court sentenced Gilbert to serve 15 months in prison. Gilbert now appeals from his sentence, raising one assignment of error for review.

{¶ 3} Gilbert's sole assignment of error is as follows:

THE COURT ABUSED ITS DISCRETION BY FAILING TO IMPOSE THE

SHORTEST PRISON TERM AUTHORIZED BY SECTION 2929.14(A)(1)

AND 2929.14(B) OF THE OHIO REVISED CODE.

{¶ 4} Under his single assignment of error, Gilbert challenges his 15-month prison sentence by claiming it is excessive and an abuse of the trial court's discretion. Specifically, Gilbert contends the trial court should have imposed the minimum prison sentence of six months or, alternatively, community control sanctions, since he had no prior felony record and his conduct was, according to Gilbert, less severe than conduct that normally constitutes his offense.

**{¶ 5}** When reviewing felony sentences, this court no longer uses an abuse-of-discretion standard of review. *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). Rather, we apply the standard of review set forth in R.C. 2953.08(G)(2), which states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

**{¶ 6}** With respect to the requirement under division (a) of R.C. 2953.08(G)(2), we note that in this case, the trial court made a finding under R.C. 2929.13(B)(1)(b) when deciding to impose a prison term. R.C. 2929.13(B)(1)(b)(i) provides, in pertinent part, that a trial court "has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if * * * [t]he offender committed the offense while having a firearm on or about the offender's person or under the offender's control."

**{¶ 7}** In this case, during Gilbert's sentencing hearing and as part of the sentencing

entry, the trial court found that Gilbert had a firearm on or about his person or under his control while committing the offense at issue. This finding is supported by the presentence investigation report and by the fact that Gilbert pled guilty to carrying a concealed weapon under R.C. 2923.12(A)(2), which forbids a person from "knowingly carry[ing] or hav[ing], concealed on the person's person or concealed ready at hand, * * * [a] *handgun* other than a dangerous ordnance[.]" (Emphasis added.) Therefore, by pleading guilty, Gilbert admitted to having a firearm during the offense. Accordingly, we do not clearly and convincingly find that the record does not support the trial court's finding under R.C. 2929.13(B)(1)(b).

{¶ 8} Next, we must determine whether Gilbert's sentence is otherwise clearly and convincingly contrary to law. " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer* at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶ 9} We have held that a defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it had considered R.C. 2929.11 and R.C. 2929.12, but did not mention those statutes at the sentencing hearing. *State v. Battle*, 2d Dist. Clark No. 2014 CA 5, 2014-Ohio-4502, ¶ 15, citing *State v. Miller*, 2d Dist. Clark No. 09-CA-28, 2010-Ohio-2138. We have also emphasized that "[t]he court is not

required to make specific findings or to use the exact wording of the statute[s]." (Citation omitted.) *State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012-Ohio-4756, ¶ 8.

{¶ 10} Here, Gilbert's 15-month prison sentence for carrying a concealed weapon falls within the prescribed statutory sentencing range for fourth-degree felonies. *See* R.C. 2929.14(A)(4). In addition, the trial court expressly stated in its sentencing entry that it had considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." Judgment Entry of Conviction (Sept. 17, 2014), Clark County Court of Common Pleas Case No. 14-CR-274, Docket No. 19, p. 1-2. Moreover, the record, including the presentence investigation report, supports the trial court's considerations.

{¶ 11} Because the trial court stated that it had considered the required statutory factors—being the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12—and because Gilbert's 15-month prison term is within the prescribed statutory range for fourth-degree felonies, we do not find that his prison sentence is contrary to law.

{¶ 12} We reiterate that we have reviewed Gilbert's sentence under the standard of review set forth in *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, in which we held that this court would no longer use an abuse-of-discretion standard of review for felony sentences, but rather apply the standard of review set forth in R.C. 2953.08(G)(2). Since then, opinions from this court have expressed reservations as to whether our decision in *Rodeffer* is correct. *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn. 1; *State v. Johnson*, 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308,

¶ 9, fn. 1; *State v. Byrd*, 2d Dist. Montgomery No. 25842, 2014-Ohio-2553, ¶ 44. However, in the case before us, we find no error in the sentence imposed under either standard of review.

{¶ 13} For the foregoing reasons, Gilbert's sole assignment of error is overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, P.J., concurring:

{¶ 14} I concur that the sentence is not an abuse of discretion. I understand the dissent's point that to apply R.C. 2929.13(B)(1)(b)(i) generally to offenses that are specifically defined by the possession of a firearm (e.g., carrying a concealed weapon, having a weapon under disability, unlawful transportation of a firearm, etc.) is not the most clear legislative draftmanship. However, it appears that the statute's purpose is to grant trial courts sentencing discretion for any offense committed while having a firearm; and this would include "definitional" firearm offenses. But, rather than try to list every such offense in R.C. 2929.13(B)(1)(b) and then amend it with any future offenses, the statute utilized a blanket provision.

{¶ 15} Moreover, we have, in perhaps semi-dicta, previously found carrying a concealed weapon to be controlled by R.C. 2929.13(B)(1)(b)(i). *State v. Hill*, 2d Dist. Montgomery No. 26455, 2015-Ohio-3916; *State v. Taylor*, 2014-Ohio-2821, 15 N.E.3d 900 (2d Dist.).

. . . . . . . . . .

DONOVAN, J., dissenting:

{¶ 16} I disagree. Possession of a concealed firearm is the singular criminal

conduct.   Thus, it is simply bootstrapping for the trial court and majority to conclude that Gilbert committed "the offense" while having a firearm on or about his person or under his control.   The trial court imposed a 15-month sentence by means of a tautology, namely that Gilbert committed possession of a concealed firearm while also having a firearm on or about his person or under his control.   Gilbert did not commit an offense independent of the concealed possession of a firearm.   The statute may be interpreted to contemplate a distinct and separate offense, e.g., breaking and entering or failure to comply amongst a host of other offenses which may be committed while the perpetrator is in possession of a firearm.   Any ambiguity should be resolved in favor of Gilbert.   "Where there are doubts in a statute, ambiguities are resolved in favor of the defendant."   *State v. Young*, 62 Ohio St.2d 370, 374, 406 N.E.2d 499 (1980), quoting *United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).   Furthermore, R.C. 2901.04(A) provides that sections of the Revised Code that define penalties "shall be strictly construed against the State and liberally construed in favor of the accused."

**{¶ 17}** Gilbert has a minimal misdemeanor record and no prior felonies.   Hence, his case is one which warrants mandatory community control.   I would find the 15-month sentence is contrary to law and an abuse of discretion, warranting reversal.

. . . . . . . . . .

Copies mailed to:

Ryan A. Saunders
Gregory K. Lind
Hon. Douglas M. Rastatter