[Cite as *State v. Winstead*, 2015-Ohio-5391.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-13 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-657 |
| | : | |
| ROY WINSTEAD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

# O P I N I O N

Rendered on the 22nd day of December, 2015.

. . . . . . . . . .

STEPHANIE R. HAYDEN, Atty. Reg. No. 0082881, Assistant Greene County Prosecuting Attorney, 61 Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

ADAM JAMES STOUT, Atty. Reg. No. 0080334, 2600 Far Hills Avenue, Suite 315, Dayton, Ohio 45419
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Roy Winstead, appeals from his conviction and sentence on one count of Theft, a fifth-degree felony. After pleading guilty, Winstead was sentenced to one year in prison.

{¶ 2} In support of his appeal, Winstead contends that the trial court erred in imposing the maximum sentence when the plea agreement recommended community control. Winstead further contends that the trial court erred in failing to address his counsel's pending motion to withdraw as counsel. Finally, Winstead contends that the trial court erred in relying on his bond violation as a sentencing factor without holding a hearing on the bond violation.

{¶ 3} We cannot clearly and convincingly find that the sentence is unsupported by the record, nor is the sentence contrary to law. The trial court had discretion to impose a prison term under R.C. 2929.13(B)(1)(b)(iii), and the court's decision is amply supported by the record. We further conclude that Winstead waived arguments about counsel's motion to withdraw by failing to object in the trial court. We also find no plain error.

{¶ 4} Finally, Winstead waived error other than plain error regarding the trial court's use of the bond violation as a sentencing factor. However, there was no plain error or even any error. R.C. 2929.13(B)(1)(b)(iii) is unambiguous and does not require trial courts to initiate formal proceedings before concluding that defendants have violated bond conditions. Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 5} In December 2013, Winstead was indicted on one count of Extortion under

R.C. 2905.11(A)(5), a third-degree felony. After pleading not guilty, Winstead was released on his own recognizance. Conditions of the recognizance bond included that Winstead be present at all court proceedings requiring his attendance, and that he report to the Adult Probation Office as requested or required.

{¶ 6} On June 5, 2014, Winstead entered into a plea agreement with the State. In exchange for his guilty plea, the State amended the charge to Theft in violation of R.C. 2913.02(A)(5), a fifth-degree felony. In addition, the State recommended community control. After accepting the guilty plea, the trial court set sentencing for June 25, 2014, and Winstead was informed of the date during the sentencing hearing. Transcript of Proceedings, p. 17. In response to questioning from the court, Winstead acknowledged that the sentencing hearing was a legal appearance requiring his presence, and that a warrant would be issued if he failed to appear. *Id.* Winstead promised that he would appear. *Id.*

{¶ 7} According to a motion filed by the State on June 25, 2014, Winstead failed to appear at the probation department for his presentence investigation interview. The interview was originally set for June 24, 2014, but was rescheduled for June 25, 2014, at Winstead's request. However, Winstead failed to appear. He also failed to appear for the sentencing hearing on June 25, 2014. Accordingly, the trial court revoked Winstead's bond, ordered that a capias be issued for his arrest, and established a new bond of $20,000.

{¶ 8} On August 28, 2014, Winstead's attorney filed a motion to withdraw, indicating that Winstead had failed to respond to attempted communications for more than two months. The trial court did not rule on this motion. Subsequently, Winston

was arrested. In January 2015, the court set two scheduling conferences, and Winstead's counsel was notified of the conferences. The court then set the case for final disposition on February 12, 2015. Again, Winstead's counsel was notified about the hearing.

{¶ 9} On February 12, 2015, Winstead appeared with his counsel and was sentenced to one year in prison. Winstead now appeals from his conviction and sentence.

## II. Alleged Error in Imposing the Maximum Sentence

{¶ 10} Winstead's First Assignment of Error states that:

The Trial Court Erred in Sentencing Mr. Winstead to Prison When It Erred in Sentencing Him to the Maximum Sentence When the Plea Agreement Recommended Community Control.

{¶ 11} Under this assignment of error, Winstead contends that the trial court erred in imposing sentence because it failed to take the plea recommendation for community control into account. Winstead also argues that the trial court placed too much emphasis on his criminal record, since several years had elapsed since his last criminal charge. In addition, Winstead contends that the trial court failed to give him an opportunity to respond to the bond violation, and failed to address counsel's pending motion to withdraw, which was based on the fact that the attorney-client relationship had irreparably broken down.

{¶ 12} When we review felony sentences, we no longer use an abuse-of-discretion standard of review. *State v. Gilbert*, 2d Dist. Clark No. 2014-CA-116, 2015-Ohio-4509, ¶ 5, citing *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). Instead,

we apply the standard of review in R.C. 2953.08(G)(2), which states that, after reviewing the record:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929. 20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 13} As was noted, Winstead pled guilty to a fifth-degree felony. Under R.C. 2929.13(B)(1)(a), the court is required to sentence such an offender to community control if all the criteria in R.C. 2929.13(B)(1)(a)(i)-(iv) apply. Among those criteria is that "[t]he offender previously has not been convicted of or pleaded guilty to a felony offense." R.C. 2929.13(B)(1)(a)(i). Because Winstead had been convicted of six prior adult felony offenses, the trial court was not required to sentence him to community control.

{¶ 14} In addition, R.C. 2929.13(B)(1)(b) gives trial courts discretion to impose a prison sentence if any of the criteria in R.C. 2929.13(B)(1)(b)(i)-(xi) apply. One such criterion is that "[t]he offender violated a term of the conditions of bond as set by the court." R.C. 2929.13(B)(1)(b)(iii).

**{¶ 15}** In *State v. Springer*, 2015-Ohio-1941, 34 N.E.3d 441 (2d Dist.), the trial court imposed a prison sentence on the defendant, after finding that she had violated a condition of her bond by testing positive for a drug screen at the time of sentencing. *Id.* at ¶ 5. We noted that while R.C. 2929.13(B)(1)(b)(iii) gives courts discretion to impose prison sentences based on bond violations, the trial court violated the defendant's due process rights and erred in imposing a prison sentence based on the alleged bond violation. *Id.* at ¶ 11-20.

**{¶ 16}** In this regard, we observed that the trial court had never expressly stated that the defendant would be subject to random drug screening as a condition of her own-recognizance bond. *Id.* at ¶ 20. We stressed that trial courts are required to give defendants prior notice of such conditions and that the defendant, therefore, "did not violate a 'term of the conditions of bond *as set by the court.*' " (Emphasis sic.) *Id.*, quoting R.C. 2929.13(B)(1)(b)(iii).

**{¶ 17}** In contrast, the bond conditions filed on December 27, 2013, specifically notified Winstead that he was required to attend all court proceedings, and that he must report to the probation department as requested. *See* Doc. #14. Winstead also signed this document. Accordingly, the trial court had discretion to impose a prison term, and we cannot clearly and convincingly find that the record failed to support the court's findings in this regard, or that the sentence, therefore, was contrary to law.

**{¶ 18}** Furthermore, trial courts have " ' "full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." ' " *State v. Terrel*, 2d Dist. Miami No. 2014-CA-24, 2015-Ohio-4201, ¶ 14, quoting *State v. Eicholtz*,

2d Dist. Clark No. 2012-CA-7, 2013-Ohio-302, ¶ 53. Nonetheless, the court must comply with " ' "all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." ' " *Id.*

{¶ 19} In the case before us, the court complied with all sentencing requirements. First, the sentence was within the statutory range for a fifth-degree felony. The trial court also reviewed and considered the presentence investigation report, as well as the statements of Winstead and his counsel.

{¶ 20} Courts consider a broad range of information when imposing sentence. *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.). "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned, like it was during trial, with the narrow issue of guilt." *Id.* at ¶ 14, citing *Williams v. New York*, 337 U.S. 241, 246-247, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

{¶ 21} During the sentencing hearing, the trial court questioned Winstead extensively about his prior criminal record, which contained many convictions, including felonies in this state and others, and various incarcerations, unsuccessful termination of probation, probation revocations, and warrants issued as a result of Winstead's failure to comply with sanctions that other courts had imposed. Contrary to Winstead's assertion, these issues were not a matter of the distant past. In fact, when Winstead was sentenced, he had pending criminal charges in a local municipal court based on a violation that occurred in December 2014. He also had two convictions in 2009; one in 2010; two in 2011; and one in 2012.

{¶ 22} The presentence investigation further reveals that Winstead repeatedly

drove while his license was under suspension. This course of conduct persisted for many years, with numerous violations occurring between 1999 and 2012, despite sanctions that were imposed and attempts at intervention. Winstead's history of prior criminal convictions and lack of favorable response to prior sanctions indicates a high probability of recidivism. R.C. 2929.12(D)(2) and (3). The trial court found that after it considered the sentencing factors in R.C. 2929.11 and R.C. 2929.12, Winstead was not amenable to an available community control sanction. This conclusion is amply supported by the record.

{¶ 23} We also note that the trial court was not required to follow the State's recommendation on sentencing. *See, e.g., State v. Blair*, 2d Dist. Miami No. 2003-CA-8, 2003-Ohio-4581, ¶ 55. In fact, the court expressly told Winstead this during the plea hearing. Transcript of Proceedings, p. 9.

{¶ 24} As a final matter, Winstead waived error regarding the disposition of his counsel's motion to withdraw by failing to raise it during the sentencing hearing. Instead of bringing the matter to the trial court's attention, Winstead said nothing about this issue when given an opportunity to speak. *See* Transcript of Proceedings, p. 23-24. Winstead had also previously expressed satisfaction with his attorney during the plea hearing. *Id.* at p. 6.

{¶ 25} "To reverse a decision based on plain error, a reviewing court must determine that a plain (or obvious) error occurred that affected the outcome of the trial." (Citations omitted.) *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶ 6. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of

justice." *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 26} Having reviewed the entirety of the record, this is not the exceptional case where plain error should be recognized. As will be discussed below, the basis of the motion to withdraw was that counsel had been unable to contact Winstead, and, therefore, could not effectively represent him. However, at the time of the sentencing hearing, counsel and Winstead had been able to communicate, and there is no evidence of any problems. *Compare State v. Singletary*, 2d Dist. Montgomery No. 17352, 1999 WL 280453, *5 (May 7, 1999) (finding no prejudicial error or plain error, where the trial court failed to rule on counsel's motion to withdraw).

{¶ 27} Based on the preceding discussion, the First Assignment of Error is overruled.

III. Failure to Address Counsel's Motion to Withdraw

{¶ 28} Winstead's Second Assignment of Error states that:

The Trial Court Erred in Sentencing When the Court Did Not Address Defense Counsel's Pending Motion to Withdraw as Counsel.

{¶ 29} Under this assignment of error, Winstead contends that the trial court erred in failing to address counsel's pending motion to withdraw. As was noted, the motion was made a few months after Winstead failed to appear for sentencing, when counsel's attempts to communicate with Winstead were unsuccessful. This was the only reason given for the motion to withdraw.

{¶ 30} Again, Winstead waived error, other than plain error, by failing to alert the

trial court about its failure to resolve the pending motion. Nonetheless, when a trial court fails to rule on a motion, we presume the court intended to overrule the motion. (Citation omitted.) *State v. Byrd*, 2d Dist. Montgomery No. 23950, 2011-Ohio-2060, ¶ 29. *See also State v. Marez*, 6th Dist. Sandusky No. S-09-005, 2009-Ohio-6976, ¶ 31 (concluding that the trial court had overruled defense counsel's motion to withdraw, where the court failed to rule on the motion).

**{¶ 31}** The issue then becomes whether the trial court committed plain error in overruling the motion. We see no evidence of exceptional circumstances that would warrant reversing the judgment. In fact, we see no error. As was noted, the motion was generated as a result of Winstead's failure to appear for court or to communicate with his counsel, who then, could not prepare to help him. However, once Winstead was arrested pursuant to the warrant in December 2014, his counsel was able to contact him and continue with representation.

**{¶ 32}** In addition, the record contains no indication of discord or problems. In fact, the record is to the contrary. At the sentencing hearing, Winstead's attorney stated that after Winstead was picked up, the attorney met with Winstead and tried to find out what had happened. The attorney then made the following statement:

And it was indicated to me that he had made, what I'll characterize as a foolish choice of falling in love and running away with the young lady and didn't report when he should have. That being said, Your Honor, Roy has been completely cooperative with me. He has throughout the process of meeting with him back in the pre-plea stage and since he was picked back up and I've come back to talk to him he's been fully cooperative with

me. He's explained his approach to the case. He's asked questions. He's been very hands on for his case, which I can't say for all of my clients. And he has expressed to me at least that he realizes he did wrong. He realizes he should not have run and in terms on being on probation, if the Court is willing to give him one last chance, I think that he will show up for every appointment. He will participate in any programs, treatment or otherwise, that the Court wants him to participate in. I think that he is amenable to the community control sanctions. I think that his recidivism, I recognize that he has a bit of a record, but for this, he understands that he's essentially facing prison again if he does not comply.

If the court is willing to give him this chance to have probation, I think he would be successful with it; and so Your Honor I would humbly request on my client's behalf that the Court give him that chance for probation instead of sending him to prison on this.

Transcript of Proceedings, pp. 22-23.

**{¶ 33}** After counsel made these statements, Winstead did not object, did not ask the court to appoint new counsel, and did not express any dissatisfaction with his counsel. We, therefore, see no evidence of error. Accordingly, the Second Assignment of Error is overruled.

IV. Reliance on Bond Violation as a Sentencing Factor

**{¶ 34}** Winstead's Third Assignment of Error is as follows:

The Trial Court Erred in Sentencing Mr. Winston to Prison When the

Court Relied on Violation of His Bond as and [sic] Sentencing Factor Without Granting Mr. Winstead a Hearing Regarding the Violation of His Bond.

{¶ 35} Under this assignment of error, Winstead contends that his due process rights were violated when the trial court used his bond violation as an explanation for foregoing the plea agreement. Before addressing the merits of this issue, we should note that the trial court did not deviate from the plea agreement. The agreement was that the State would recommend community control, which it did. Even after Winstead failed to appear for sentencing, the State did not change its stance. Furthermore, as has been noted, the trial court told Winstead during the plea hearing that it was not bound by the plea agreement.

{¶ 36} Again, this error was waived because no objection was made below. However, we see no plain error, or even any error at all.

{¶ 37} In a similar situation, the Twelfth District Court of Appeals rejected the argument that Winstead is making. *See State v. Hughes*, 12th Dist. Butler No. CA2013-05-081, 2014-Ohio-1320. In *Hughes*, the defendant was released on bond and then failed to appear as required. *Id.* at ¶ 3. After the defendant pled guilty, the trial court sentenced her to a prison term, using its discretionary power under R.C. 2929.13(B)(1)(b)(iii). *Id.* at ¶ 10-12.

{¶ 38} On appeal, the defendant argued that the trial court erred in imposing a prison term because she had never been formally charged with a bond violation. *Id.* at ¶ 14. The court of appeals rejected this argument. First, the court noted established principles of statutory construction, which require courts to apply unambiguous statutes

consistent with their plain meaning. *Id.* at ¶ 15, citing *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52, and *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 25.

**{¶ 39}** The court of appeals then observed that:

The language contained in R.C. 2929.13(B)(1)(b) clearly states a trial court has discretion to impose a prison term if, inter alia, "[t]he offender violated a term of the conditions of bond as set by the court." R.C. 2929.13(B)(1)(b)(iii). There is nothing in the statute that requires a trial court to formally revoke a bond before imposing a prison term as opposed to a community control sanction. *Id.* The only requirement contained in the statute is a "violation of a condition of a bond set by the court." *Id.* Appellant's argument essentially requests this court to place an additional requirement not set forth in the statute.

*Hughes* at ¶ 16.

**{¶ 40}** We agree that R.C. 2929.13(B)(1)(b)(iii) is unambiguous, and does not require trial courts to initiate formal proceedings before concluding that defendants have violated bond conditions. In addition, we note that Winstead's breach of the bond condition was admitted at the sentencing hearing. The violation was also obvious. Winstead failed to appear for his probation interview and for the sentencing hearing, and a warrant was issued for his arrest.

**{¶ 41}** Accordingly, the Third Assignment of Error is overruled.

V. Conclusion

**{¶ 42}** All of Winstead's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Stephanie R. Hayden
Adam James Stout
Hon. Michael A. Buckwalter