**[Cite as *State v. Hogel*, 2020-Ohio-4488.]**

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28656 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-2377 |
| | : | |
| STEVEN JOSEPH HOGEL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 18th day of September, 2020.

. . . . . . . . . . .

MATHIAS H. HECK JR. by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

L. PATRICK MULLIGAN, Atty. Reg. No. 0016188, 28 North Wilkinson Street, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Steven Joseph Hogel appeals the trial court's denial of his request for intervention in lieu of conviction (ILC). Finding no error, we affirm.

## I. Factual and Procedural Background

{¶ 2} On August 19, 2019, Hogel was indicted on 12 counts of deception to obtain a dangerous drug, all fifth-degree felonies. Hogel filed a request for ILC under R.C. 2951.041. On December 13, 2019, the trial court held an evidentiary hearing on the request. The only witness to testify was Hogel's group therapy counselor. She testified that Hogel used methamphetamine, cocaine, MDMA, Adderall, and alcohol. She said that Hogel was in group-therapy treatment for six hours per week and individual counseling one hour per month. The counselor also testified that Hogel's drug addictions would have been a leading factor to his being found in possession of drugs.

{¶ 3} The trial court denied Hogel's request for ILC from the bench. It found that Hogel was statutorily ineligible for ILC on three grounds: (1) he occupied a position of trust as a pharmacist and he was obligated to prevent the offenses, (2) his position as a pharmacist facilitated the offenses, and (3) ILC would demean the seriousness of his offenses. Hogel later pleaded no contest to six of the counts in exchange for the dismissal of the other six. The trial court sentenced him to community control sanctions for up to five years and informed him that if he violated community control he could be sent to prison for 12 months on each count, for a total of 72 months in prison.

{¶ 4} Hogel appeals the denial of his request for ILC.

## II. Analysis

{¶ 5} Hogel assigns three errors to the trial court:

1. THE TRIAL COURT ERRED IN CONCLUDING THAT THE DEFENDANT HELD A POSITION OF TRUST AND DENYING THE APPELLANT'S MOTION FOR INTERVENTION IN LIEU OF CONVICTION.

2. THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT'S POSITION FACILITATE OF OFFENSES [SIC] AND DENYING APPELLANT'S MOTION FOR ILC.

3. THE TRIAL COURT ERRED IN FINDING THAT ILC WOULD DEMEAN THE SERIOUSNESS OF THE OFFENSES.

{¶ 6} R.C. 2951.041 permits a court to grant an offender ILC. But for an offender to be eligible for ILC, the trial court must find that all the requirements in R.C. 2951.041(B) are met. *State v. Hill*, 2d Dist. Montgomery No. 26455, 2015-Ohio-3916, ¶ 9.

*The first two ineligibility findings*

{¶ 7} The trial court found that Hogel held a position of trust as a pharmacist and his position as a pharmacist facilitated his offenses. The court concluded that these two facts rendered him statutorily ineligible for ILC under the requirements in R.C. 2951.041(B)(1).

{¶ 8} Formerly, the requirements in R.C. 2951.041(B)(1) included that the offender did not hold a position of trust (and the offense related to that position) and that the offender's position facilitated the offense. But those two requirements were removed as bars to ILC on October 29, 2019, when the statute was amended. Given that Hogel's ILC hearing was held about a month-and-a-half after the amendments went into effect, it is likely that the trial court and counsel were simply unaware that the ILC statute had been amended.

{¶ 9} The first and second assignments of error are sustained, but that does not end the inquiry.

*The third eligibility finding*

{¶ 10} The trial court also concluded that Hogel was ineligible for ILC based on its finding that ILC would demean the seriousness of his 12 offenses. *See* R.C. 2951.041(B)(6) (requiring that "intervention in lieu of conviction would not demean the seriousness of the offense"). The court found that "the Defendant was a registered pharmacist, in a profession of trust that requires him to only fill prescriptions pursuant to the requirements, whether it's of the pharmacy board, state statutes, and other professional ethics, and he did not do so." (ILC Tr. 17-18). The court had also found that Hogel's position as a pharmacist, a position of trust, facilitated the offenses.

{¶ 11} The parties dispute the applicable standard of review. Hogel says that our review is de novo, citing our decision in *State v. Hill*, 2d Dist. Montgomery No. 26455, 2015-Ohio-3916, but the state says that the abuse-of-discretion standard applies. We agree with the state. In our discussion of the review standard in *Hill*, we noted that we have applied both standards to ILC eligibility determinations. Eligibility determinations that "do not involve the exercise of the trial court's judgment * * * are more appropriately reviewed de novo." *Hill* at ¶ 9 (for example, the determinations "whether the offender has a prior conviction for a felony offense of violence or whether the charged offense has a mandatory prison term" do not involve discretion and can be reviewed de novo). "Other eligibility criteria," we said, "like here where the issue is whether ILC would demean the seriousness of the offense or reduce the likelihood of future criminal activity, require the exercise of judgment by the trial court and we should defer to that judgment as long as

the proper statutory criteria are applied." *Id.*[1] Accordingly, we apply the abuse-of-discretion standard to the court's eligibility determination at issue here.

{¶ 12} Given the facts in this case, we cannot say that the trial court abused its discretion by finding that ILC would demean the seriousness of Hogel's offenses. We agree with the rationale used by the Tenth District to reach the same conclusion in *State v. Wiley*, 10th Dist. Franklin Nos. 03AP-362, 03AP-363, 2003-Ohio-6. In that case, the defendant was indicted on ten counts of theft of drugs for stealing medication from the nursing home where she worked as a licensed health-care professional. The trial court denied the defendant's request for ILC based on its finding that it would demean the seriousness of the ten thefts, which were partly facilitated by her professional license and the position of trust she held at the nursing home. The appellate court found no abuse of discretion and agreed that, "[g]iven the trust position appellant held as a nurse in our society and the access to drugs, intervention in lieu of conviction would demean the seriousness of theft of drugs from the employer." *Id.* at ¶ 9.

{¶ 13} Because an applicant for ILC must meet each one of the statutory criteria to be eligible, and the court determined intervention in lieu of conviction would demean the seriousness of the offenses, Hogel was not eligible for ILC. The third assignment of error is overruled.

### III. Conclusion

---

[1] It is true that in *Hill* we applied the de novo standard to the issue of whether ILC would demean the seriousness of the offense. But we did so only to give the appellant the benefit of any doubt and to show that if de novo review led to the same conclusion, then the trial court's determination could not have been an abuse of discretion. In other words, in that case, the result would have been the same no matter which standard applied.

{¶ 14} Given that Hogel was statutorily ineligible for ILC, the trial court's judgment is affirmed.

. . . . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, J., dissents:

{¶ 15} The legislature removed the statutory ineligibility criteria for ILC that the offender held "a position of trust" and that the "position facilitated the offense"; the remaining ground relied on by the trial court was that granting ILC would demean the seriousness of the offense. Here, the court concluded that "to grant intervention in lieu of conviction, would demean the seriousness of the offenses. Again, the defendant was registered pharmacist, in a profession of trust that requires him only to fill prescriptions pursuant to the requirements, whether it's of the pharmacy board, state statutes, and other professional ethics, and he did not do so. And so under these circumstances, I'm going to overrule the motion for intervention in lieu of conviction." (Tr. 17-18.)

{¶ 16} But that conclusion was specifically based on the two factors which the legislature removed. I do not find it is the plain wording or the intent of the current statute to exclude certain grounds and then permit statutory ineligibility based on what, in the circumstances of this case, appears to be a conclusion based on those removed criteria.

{¶ 17} I would reverse the finding that Hogel was not eligible for ILC and remand for a new hearing as to what, if anything, would demean the seriousness of the offenses other than that Hogel held "a position of trust" which "facilitated the offense."

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
L. Patrick Mulligan
Hon. Mary Katherine Huffman