[Cite as *State v. Collins*, 2019-Ohio-249.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 106590 and 107341**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TREMELE COLLINS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-617043-A

**BEFORE:** S. Gallagher, P.J., Keough, J., and Yarbrough, J.*

**RELEASED AND JOURNALIZED:** January 24, 2019

**ATTORNEY FOR APPELLANT**

Kimberly Kendall Corral
4403 St. Clair Avenue
Cleveland, Ohio   44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: John Farley Hirschauer
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


SEAN C. GALLAGHER, P.J.:

{¶1}   Appellant Tremele Collins appeals from his sentence and from the denial of his postsentence motion to withdraw his guilty pleas.   Upon review, we affirm his conviction and sentence and the trial court's denial of his motion.

{¶2} Appellant, who was 17 years old at the time of the charged offenses, was bound over to the court of common pleas.   The indictment contained 13 counts, relating to three separate robbery incidents.

{¶3} On September 28, 2017, appellant appeared in court with defense counsel and the assistant prosecutor.   The state placed a plea offer on the record, pursuant to which appellant would plead guilty to the following three charges: Count 1, aggravated robbery, a felony of the first degree; Count 6, robbery, a felony of the second degree; and Count 11, robbery, a felony of the second degree, along with a criminal gang specification and a one-year firearm specification as to each of those three counts.   The charges related to offenses occurring on separate dates and

involving separate victims. The assistant prosecutor represented that "as part of this plea agreement we would agree to recommend a minimum term of 6 years up to a maximum term of 39 years. * * * Both sides could obviously argue within that range." Defense counsel indicated that he had conveyed the plea offer to his client and that he "believe[d] [the defendant] understands what the range is that is going to be jointly recommended as well as the amendments made by the state."

{¶4} On October 16, 2017, appellant entered a plea of guilty to each of the three charges pursuant to the plea agreement and the remaining charges and specifications were nolled. Prior to appellant entering his guilty pleas, the assistant prosecutor and defense counsel indicated an understanding that "[t]he state and defendant also agree that the minimum sentence in this case would be sufficient."

{¶5} The record reflects that the trial court complied with Crim.R. 11. The trial court informed appellant of his constitutional rights and reviewed the nature of the charges to which appellant would be pleading guilty, the effect of a guilty plea, and the maximum penalties that could be imposed. With regard to the sentencing recommendation, the trial court indicated that "[t]he parties have submitted to the Court a recommendation of a minimum of six years. The State — the parties have agreed that you are to serve a minimum of six years. That's a decision being made by the Court. It's a recommendation. It's not a promise." Appellant stated that he understood this and agreed that no promise of a particular sentence had been made. The court confirmed appellant's understanding upon asking if appellant understood "that if I sentence you consecutively on this, the combined counts would be 39 years in prison, and a $50,000 fine?" Appellant affirmatively responded and proceeded with entering his guilty pleas.

{¶6} During the sentencing hearing, the trial court read the state's summation into the record, which included a review of appellant's juvenile record and details of the three separate crimes committed in this matter. One of the victims made a statement to the court, as did appellant's sister. The court also heard from the assistant prosecutor, defense counsel, and the appellant. Appellant repeatedly taunted the court with regard to his sentence. The court then ordered a psychiatric evaluation.

{¶7} The sentencing hearing resumed on November 13, 2017. The prior proceedings were incorporated, and the parties stipulated to a mitigation of penalty report. The assistant prosecutor indicated that the three incidents involved occurred over a period of about two and one-half weeks and that in each incident, appellant brandished a firearm, robbed the respective victim at gunpoint, and threatened the victim. In the aggravated robbery, appellant pistol-whipped the victim. It also was represented that appellant is a member of the Heartless Felons gang. Appellant had committed three prior robberies, with progressive sanctions. He showed little remorse during the proceedings and reportedly had "laughed and smirked" during the bindover proceedings. The court heard from defense counsel and appellant. Appellant apologized to the victims, but denied responsibility for the crimes.

{¶8} The trial court noted that appellant has a "bad juvenile record" and a "history of violence." The court found he "clearly engaged in gang activity" and found that a "lengthy prison sentence is appropriate." The court sentenced appellant to an aggregate term of imprisonment of 29 years. The trial court made the required findings for imposing consecutive sentences.

{¶9} Appellant timely appealed his sentence to this court. Thereafter, appellant filed a motion to withdraw his guilty plea in the trial court. This court remanded the matter to the trial

court for the purpose of allowing a ruling on the motion. The trial court denied the motion, and appellant appealed that ruling. The two appeals have been consolidated for review.

{¶10} Under his first assignment of error, appellant claims the trial court erred by denying his motion to withdraw his guilty pleas. He claims that his pleas were not knowing, voluntary, and intelligent because he did not know or understand that he would be subject to a term of 29 years. He argues that he relied upon the advice of counsel and was misled to believe that he faced a sentence around the recommended term of six years.

{¶11} Crim.R. 32.1 provides that "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant has the burden of establishing the existence of manifest injustice, and a postsentence withdrawal of a guilty plea is allowable only in extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). We review the trial court's decision under an abuse of discretion standard. *Id*.

{¶12} Appellant claims that his plea was not knowing, intelligent, and voluntary because he relied upon misleading advice of counsel with regard to the sentencing recommendation. In support of his argument, appellant refers to the affidavit of defense counsel, which was attached to his motion to withdraw. Defense counsel avers in the affidavit that there was an agreement with the assistant prosecutor to a recommended sentence of six years, that he advised appellant of an anticipated sentence ranging between six and ten years, and that he explained to appellant that "the judge could sentence him to more than ten years." Appellant also refers to his behavior during the initial sentencing proceeding and an outburst by his sister following the imposition of the 29-year aggregate prison term.

**{¶13}** We recognize that a plea of guilty generally waives all appealable errors that may have occurred unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Wilson*, 8th Dist. Cuyahoga No. 105876, 2018-Ohio-3666, ¶ 6. Likewise, a claim of ineffective assistance of counsel is considered waived by a guilty plea, except to the extent the ineffective assistance of counsel caused the defendant's plea to be less than knowing and voluntary. *Id*. at ¶ 15, citing *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11. Manifest injustice does not result from a mere inaccurate prediction of the sentence by counsel. *See State v. Royal*, 1st Dist. Hamilton No. C-160666, 2017-Ohio-4146, ¶ 10-11; *State v. Woods*, 8th Dist. Cuyahoga No. 84993, 2005-Ohio-3425, ¶ 9.

**{¶14}** Appellant does not assert any error as to the trial court's plea colloquy under Crim.R. 11(C)(2), and the record reflects that the trial court complied with those requirements. The record reflects that when the plea agreement was placed on the record, the parties submitted a recommendation of "a minimum term of 6 years up to a maximum term of 39 years." The record reflects that appellant was informed of the nature of the charges and of the maximum penalties that could be imposed. Insofar as the state agreed to "recommend a minimum of six years," wherein the minimum that could be imposed was five years, the record shows no agreement to any fixed term. Furthermore, a joint sentencing recommendation is not binding upon a trial court. The trial court informed appellant that the recommendation that he "serve a minimum of six years" was not a promise of a particular sentence and that if the court chose to sentence him consecutively, "the combined counts would be 39 years in prison[.]" Appellant expressed his understanding on the record and proceeded to enter guilty pleas to the charges.

**{¶15}** Additionally, defense counsel's affidavit reflects that appellant received competent advice from counsel. Although defense counsel expressed an anticipated term of six to ten

years, defense counsel further advised appellant that the court was not bound to any particular sentence and "the judge could sentence him to more than ten years." The affidavit reflects that counsel, based on his training and experience, made a prediction as to the prison term that might be imposed. As defense counsel acknowledged on the record, the parties had "the ability to argue about other additional factors that the court could consider" in determining the sentence to be imposed. The trial court ensured that appellant understood there was no promise to any particular sentence. "When defendants are advised by competent counsel and are protected by the appropriate procedural safeguards, they are presumptively capable of an intelligent and voluntary choice to plead guilty and forgo trial." *State v. Franks*, 9th Dist. Summit No. 18767, 1998 Ohio App. LEXIS 4756, 9 (Oct. 7, 1998), citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

{¶16} The totality of the circumstances herein shows that appellant's guilty pleas were knowingly, intelligently, and voluntarily entered. We further find no merit to any claim of ineffective assistance of counsel because appellant has not shown that trial counsel's alleged errors precluded him from entering a knowing, voluntary plea. Because no manifest injustice occurred, the trial court did not abuse its discretion by denying appellant's postsentence Crim.R. 32.1 motion to withdraw his guilty pleas. Appellant's first assignment of error is overruled.

{¶17} Under his second assignment of error, appellant claims the trial court erred by sentencing him after the state did not adhere to its portion of the plea agreement. A plea agreement is generally contractual in nature, and a prosecutor's failure to comply with the terms thereof may, in some circumstances, render a defendant's plea involuntary. *State v. Parham*, 8th Dist. Cuyahoga No. 105983, 2018-Ohio-1631, ¶ 24. To determine whether a breach of a plea

agreement has occurred, courts examine what the parties reasonably understood at the time the defendant entered his guilty plea. *Id*. at ¶ 25.

{¶18} Appellant argues that he was induced to enter his plea by the agreement of the state and the state's representation on the record "that the minimum sentence in this case would be sufficient." Our review of the record reflects that the specific terms of the plea agreement were placed on the record and that the parties' recommendation was to a sentencing range, with "a minimum term of 6 years up to a maximum term of 39 years." The record further reflects appellant was clearly advised of the sentencing possibilities by the trial court and he understood that no particular sentence was promised. The second assignment of error is overruled.

{¶19} Under his third assignment of error, appellant claims the trial court erred by imposing a sentence that is tantamount to a life sentence in violation of the Eighth Amendment.[1] He argues that he was a juvenile when the crimes were committed and the 29-year aggregate term of imprisonment affords him no meaningful opportunity to demonstrate rehabilitation. We are not convinced by his argument.

{¶20} The Supreme Court of Ohio has held that pursuant to *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), "a term-of-years prison sentence that exceeds a defendant's life expectancy violates the Eighth Amendment to the United States Constitution when it is imposed on a juvenile nonhomicide offender." *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, ¶ 1. Further, in such a case, a court may not impose a prison sentence that denies a juvenile some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. *Moore* at ¶ 47, citing *Graham*. Unlike the defendant

---

[1] In this case, it is not entirely clear whether the recommended sentence was intended to be an agreed sentence that, if accepted by the trial court, would not be subject to review on appeal, pursuant to R.C. 2953.08(D).

in *Moore,* who was sentenced to 112 years, appellant was sentenced to an aggregate term of 29 years, and he will be eligible to apply for judicial release.

**{¶21}** Appellant will be in his late forties upon release, if he serves the full term. It is understandable why this arguably seems excessive. If we still had the pre-Senate Bill 2 sentencing provisions, appellant may have been eligible for reformatory time and received a reduction in his base term and then been subjected to parole review. "Before passage of Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, effective July 1, 1996 ('S.B. 2'), Ohio had a predominantly indeterminate felony-sentencing structure in which a sentence was expressed in the form of a minimum and maximum prison term with the release decision in the hands of a parole board." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 34, citing Ohio Criminal Sentencing Commission, *The Impact of Ohio's Senate Bill 2 on Sentencing Disparities* (Apr. 19, 2002) 4-5. "With the enactment of S.B. 2, the General Assembly adopted a comprehensive sentencing structure that recognized the importance of 'truth in sentencing.'" *Id*. Now "[t]he parole board no longer makes early-release decisions, and a sentence is subject to modification only by the judge." *Id.* at ¶ 35. "While the opportunity for judicial release has been expanded since the original version of Senate Bill 2, it hardly creates the independent review of an offender's status that existed with the parole board under the prior law." *State v. Sykes*, 8th Dist. Cuyahoga No. 106390, 2018-Ohio-4774, ¶ 34 (S. Gallagher, J., concurring). Nevertheless, appellant is subject to the current statutory scheme. He will be able to petition the court for judicial release after 14.5 years, at which time he will be nearly 32 years old. His sentence affords him a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. Appellant's sentence is not the equivalent of a "life sentence."

{¶22} The record reflects that the trial court considered the seriousness of appellant's conduct, his history of prior juvenile adjudications, and the relevant mitigating factors. These were serious robbery incidents in which appellant brandished a firearm, robbed three different victims at gunpoint, threatened each victim, and in one instance pistol-whipped the victim. Each count included a gang specification and a firearm specification. Appellant had three prior robbery convictions as a juvenile and was on probation for robbery at the time of the offenses herein. The trial court stated that it considered all required factors of the law and made the requisite findings for imposing consecutive sentences. Appellant has not challenged his sentence on the question of whether the record supports the findings made under R.C. 2929.14(C)(4). Further, the claims made by appellant's counsel at oral argument before this court about the effect of prison on juveniles and the decrease in life expectancy, as well as other juvenile-related claims asserted in the appellate brief, are not part of the sentencing record and cannot be considered by this panel. Appellant's third assignment of error is overruled.

{¶23} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
STEPHEN A. YARBROUGH, J.,* CONCUR

*(Sitting by assignment: Judge Stephen A. Yarbrough, Retired, of the Sixth District Court of Appeals.)