[Cite as *State v. Kopnitsky*, 2019-Ohio-5066.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DAVID KOPNITSKY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0019**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 17 CR 205

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Judges and Timothy P. Cannon, Judge of the
Eleventh District Court of Appeals, Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor, *Atty. Ralph M. Rivera*, Assistant
Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503,
for Plaintiff-Appellee and

*Atty. Christopher P. Lacich,* Roth, Blair, Roberts, Strasfeld & Lodge, 100 East Federal Street, Suite 600, Youngstown, Ohio 44503, for Defendant-Appellant
.

Dated:  December 5, 2019

---

**Robb, J.**

{¶1}   Defendant-Appellant David Kopnitsky appeals from the judgment of the Mahoning County Common Pleas Court sentencing him on four offenses after he pled guilty.  He contends the court erred in denying his motion to withdraw the guilty plea which he made orally after the court announced the sentence.  He states his guilty plea was not made knowingly, voluntarily, or intelligently because he did not anticipate the harsh sentence and the court led him to believe at the plea hearing that incarceration was unlikely.  For the following reasons, the trial court's judgment is affirmed.

STATEMENT OF THE CASE

{¶2}   On March 23, 2017, Appellant was indicted on four counts for conduct occurring on December 18, 2016.  First, he was charged with third-degree felony failure to comply with an order or signal of a police officer for operating a motor vehicle so as to willfully elude or flee a police officer after receiving an audible or visible signal to stop and thereby causing a substantial risk of serious physical harm to persons or property in violation of R.C. 2921.331(B).  Second, he was charged with fourth-degree felony vehicular assault for recklessly causing serious physical harm to his passenger while operating a motor vehicle in violation of R.C. 2903.08(A)(2).  He was also charged with two fifth-degree felony drug counts:  aggravated possession of drugs for having oxycodone and possession of cocaine.  *See* R.C. 2925.11(A),(C)(1)(a),(4)(a).

{¶3}   A June 2017 pretrial resulted in a continuance due to ongoing plea negotiations.  After the second pretrial, a forensic examination was ordered to evaluate Appellant's sanity at the time of the offense.  A motion hearing was held in November 2017 to discuss the forensic report concluding Appellant was sane at the time of the offense; defense counsel asked for additional time to evaluate the report.

{¶4}   On December 29, 2017, Appellant entered a Crim.R. 11 agreement, agreeing to plead guilty to the four offenses as charged, while the state agreed to

Case No. 19 MA 0019

recommend a term of incarceration deemed appropriate by the court, substance abuse treatment, and a driver's license suspension for the mandatory minimum of 3 years. Before memorializing the plea at the hearing, other matters were discussed. For instance, defense counsel withdrew any request regarding psychological evaluation and any potential challenge on sanity or competency. On the latter topic, he said Appellant was extremely intelligent and understood everything that was occurring.

**{¶5}** Defense counsel also sought to reinstate bond (which was revoked in October 2017 due to a violation) and asked the court to refrain from issuing a no-contact order so Appellant could have contact with his boyfriend, who was listed as the victim in the vehicular assault charge. The victim was present to confirm that he did not wish the court to impose a no-contact order. Defense counsel said he had no objection to the court questioning the victim, who said he was hospitalized as a result of the accident and now has a metal pole and screws in his leg. (Plea Tr. 21-22). The court carried on a lengthy colloquy with both the victim and Appellant who disclosed: he was off his medication but self-medicating by using "a bunch of substances"; "it would have been better to pull over, go to jail * * * but I didn't. It resulted in a car accident"; "I did die that day. If it wasn't for the fast response of Boardman Fire Rescue, I would be dead"; and the victim "was trapped in the car for an hour, and it was a very severe traumatic incident * * *." (Plea Tr. 14).

**{¶6}** The written plea agreement signed by Appellant explained the ramifications of the plea. For instance, he was informed: the maximum sentence on count one was 36 months with prison presumed necessary and with a mandatory consecutive term if prison was imposed; the maximum sentence was 18 months for count two and 12 months for counts three and four; and he would be subject to mandatory post-release control for 3 years if sentenced to prison (with details for any violations). The court repeated this information at the plea hearing, noting the prison sentence could total 6.5 years and could be imposed immediately. (Sent.Tr. 39-41). The court reviewed and ensured Appellant understood the constitutional rights he would be waiving. (Sent.Tr. 42-43).

**{¶7}** The court accepted the plea, granted the request for release on bond, instructed Appellant to remain in treatment pending sentencing, lifted any no-contact order, and ordered a pre-sentence investigation to be prepared for the sentencing hearing

set for February 1, 2018. However, Appellant failed to appear for sentencing on that date, and the court issued a bench warrant.

{¶8} On November 27, 2018, nearly 10 months after failing to appear at sentencing, Appellant was apprehended in Cuyahoga County (where Appellant says he turned himself in), and he was returned to Mahoning County the next month. Sentencing was set for January 9, 2019 and continued until January 11, 2019 to ensure victim notification. A different judge presided at the sentencing hearing (due to the retirement of the judge presiding at the plea).

{¶9} As to why he failed to appear for sentencing, Appellant said: he and a female friend provided information about a drug dealer; he "ran" to Cleveland to save his life and live with the victim; and the female friend was the victim of an unsolved homicide in Youngstown. (Sent.Tr. 6-8). His attorney said Appellant's apartment appeared to have been ransacked when he went looking for him after his failure to appear. (Sent.Tr. 5). When Appellant spoke of his past success with supervision, he noted, "I've never been given a break. I've always been sent to prison." (Sent.Tr. 9). He asked for treatment at a community corrections facility. Defense counsel said he did not dispute the record or rendition of facts in the presentence investigation report. (Sent.Tr. 10).

{¶10} The trial court discussed Appellant's lengthy adult record starting in 1997 and made reference to a juvenile record as well. The court acknowledged the many lives put at risk by Appellant's vehicular flight from police, including the lives of the officers and the public on the road at the time, noting Appellant "blew through one of the busiest intersections on Market Street." (Sent Tr. 13). The resulting accident was also mentioned. The court voiced its consideration of the presentence report, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors in R.C. 2929.12, and other statutory considerations.

{¶11} The court then imposed 36 months in prison on count one and 12 months on counts two, three, and four to be served concurrent with each other but consecutive to the first count (as required by statute when a prison term is imposed for the particular offense in count one). The total prison sentence was thus 48 months. Appellant's driver's license was suspended for 5 years and a mandatory post-release control term of 3 years was imposed.

{¶12} After this sentence was announced, Appellant made an oral motion to withdraw his plea "to correct a manifest injustice" stating: he was innocent of two charges; the victim's statement at the plea hearing showed he was innocent of vehicular assault; he did not think he would receive "such an astronomical sentence"; and he was promised he would not receive a sentence of this nature. (Sent.Tr. 21-22). The court denied his post-sentence plea withdrawal motion. (Sent.Tr. 23). Appellant filed a timely notice of appeal from the January 17, 2019 sentencing entry.

ASSIGNMENT OF ERROR

{¶13} Appellant's sole assignment of error alleges:

"THE TRIAL ERRED AND IMPOSED A SENTENCE CLEARLY AND CONVINCINGLY CONTRARY TO LAW, BY FAILING TO ALLOW THE DEFENDANT-APPELLANT TO WITHDRAW HIS GUILTY PLEA TO COUNT ONE BASED ON HIS ORAL MOTION AFTER SENTENCING."

{¶14} Appellant contends the court erred in denying his post-sentence motion to withdraw the guilty plea because he demonstrated a manifest injustice. Arguing the plea was not voluntarily, knowingly, or intelligently made, Appellant says he interpreted the "sugar-coated dialogue" and the "optimistic picture painted" by the trial judge at the plea hearing as an implied promise that incarceration was unlikely, leading him to believe he would not be sentenced to prison. Although he failed to appear for the scheduled sentencing, he points to the claim he made at sentencing that his life would have been at risk by staying in town. His brief also cites to the claim made during the plea withdrawal motion that he was innocent on "count one."[1] He believes the trial court should not have denied the oral motion without calling a recess so he could confer with his attorney, setting the motion for a further hearing, or making an inquiry about the claimed manifest injustice.

---

[1] While moving for plea withdrawal, Appellant claimed he was "innocent of two of the charges" but only specifically mentioned vehicular assault, which was count two. He said his innocence of this count was supported by the victim's statement at the plea hearing, and defense counsel referred to the victim's injuries as "minor." (Sent.Tr. 4, 21). If Appellant intended to refer to the vehicular assault element of serious physical harm, then we note the victim's injury resulted in the implantation of a metal pole and screws in his leg. (Plea Tr. 21-22). We also note count one (failure to comply with order or signal of police officer) required a substantial risk of serious physical harm and there was no hint of what his argument would be as to that count or if he was even referring to that count.

**{¶15}** "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). In reviewing whether a court abused its discretion in denying a plea withdrawal motion, the appellate court considers whether the trial court's ruling was unreasonable, arbitrary, or unconscionable. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

**{¶16}** "[A] postsentence withdrawal motion is allowable only in extraordinary cases." *Smith*, 49 Ohio St.2d at 264. The burden of establishing a manifest injustice is on the defendant. *Id.* The defendant must show withdrawal is "necessary" to correct manifest injustice. *State v. Stumpf*, 32 Ohio St.3d 95, 104, 512 N.E.2d 598 (1987). "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).

**{¶17}** In addition to appealing the denial of plea withdrawal, a guilty plea that is not knowing, intelligent, and voluntary can be challenged in the direct appeal from the sentence. *See generally State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 40. A plea is invalid if it was not knowingly, intelligently, and voluntarily made. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Appellant does not cite to a violation of Crim.R. 11 but argues his plea was not made knowingly, voluntarily, or intelligently because the judge presiding at the plea hearing impliedly promised, by leading him to believe, a non-prison sanction would be imposed.

**{¶18}** The transcript of the plea hearing does not support this argument. At the plea hearing, the judge reminded Appellant: "These are serious charges. * * * They are penitentiary-type charges. You know that right?" Appellant responded that he understood this fact. (Plea Tr. 10). Appellant recognized his future was uncertain, noting he was waiting to make certain plans "until the sentencing and then we are going to see what happens with your Honorable Court, see what it is that you decided with regards to

whether you want to send me to prison or not." (Plea Tr. 17).  The court explained that it had not yet made a decision whether prison would be imposed and warned:  "at some point if I do send you to prison, it will not be for a weekend vacation."  (Plea Tr. 21, 36).  The court informed Appellant of the maximum sentences on each of the four felonies (36 months, 18 months, 12 months, and 12 months), the presumption that prison was necessary for the second-degree felony, the statutory requirement of a consecutive sentence if the court imposed a prison term on that offense, and the potential of receiving 6.5 years in prison total.  (Plea Tr. 39-40).  Consequently, the record on appeal does not support an allegation that the trial court impliedly indicated Appellant would not be sentenced to prison.

{¶19} Regarding his plea withdrawal motion, the defendant moving for post-sentence plea withdrawal has the burden of showing the necessity of a plea withdrawal due to a manifest injustice.  *Stumpf*, 32 Ohio St.3d at 104; *Smith*, 49 Ohio St.2d at 264.  Therefore, the defendant must provide evidence to support his claim that he was promised a certain sentence.  *State v. Thomas*, 8th Dist. Cuyahoga No. 85294, 2005-Ohio-4145, ¶ 5, 9.  And, he cannot withdraw his plea because he received a harsher sentence than expected.  *Id.*  In other words, a defendant's statement that he did not actually expect to receive the sentence the court told him he could receive does not approach a showing of manifest injustice.  As for the allegation of an implied promise, the sentencing judge was different than the judge at the plea hearing.  The December 29, 2017 written plea agreement was filed in the record case and showed:  the maximum sentences, specifying prison was presumed necessary for the second-degree felony and would statutorily result in a consecutive sentence if a prison term was imposed; the state recommended a term of incarceration deemed appropriate by the court; and Appellant was not induced into making the plea by any promises (other than the state's recommendation).

{¶20}  This court has ruled that a hearing is not required on a Crim.R. 32.1 post-sentence plea withdrawal motion if the facts alleged are not sufficient to prove a manifest injustice.  *State v. Snyder*, 7th Dist. Jefferson No. 08-JE–27, 2009-Ohio-4813, ¶ 15 (where a written motion was filed).  Here, Appellant orally moved for plea withdrawal *at a hearing*, and he did not request a continuance for a further hearing on his motion.  One risk of

Case No. 19 MA 0019

orally moving to withdraw the plea immediately after the sentence is imposed is that the oral motion will not contain sufficient allegations or cite to relevant evidence. Appellant claimed to the sentencing court that a promise of non-incarceration occurred at the plea hearing without providing evidence of this. If a motion is based on a plea hearing, the movant should produce the transcript of the plea hearing (which occurred over a year before the sentencing) when making his motion. (In any event, as noted above, the plea transcript demonstrated there was no promise of community control or a minimum sentence.)

{¶21} Additionally, the defense acknowledged to the sentencing court that any inclination of the prior judge toward community control was with the expectation of and dependent upon Appellant's appearance at sentencing with continued treatment. (Sent.Tr. 7). Yet, Appellant did not appear at his February 1, 2018 sentencing hearing, did not show continued treatment between the plea and February 1, 2018, and did not make himself available for drug testing (which the court planned to do on the day of sentencing). Appellant's claim that he feared for his life as a result of a statement he may have given in an unrelated situation and felt it necessary to move to Cleveland (to live with his known boyfriend) need not be accepted as true or as a valid reason for failing to appear before a court for sentencing after pleading guilty; a rational fact-finder could conclude that even if there was a rational fear explaining his move, it does not explain or excuse his failure to appear at sentencing (or failure to seek a continuance or an escort to court).

{¶22} Furthermore, Appellant's oral plea withdrawal motion generally said he was innocent of vehicular assault. However, he did not explain this declaration, and he entered his plea more than a year before he asked to withdraw it. No new evidence was cited as to the elements of the offense or any defense. Undue delay between the motion and the reason for withdrawal negatively affects credibility and militates against allowing plea withdrawal. *Smith*, 49 Ohio St.2d at 264. As stated supra, a harsh sentence is not a valid reason for withdrawal.

{¶23} Contrary to the suggestion in Appellant's brief, there was no requirement for the court to call a recess for Appellant to consult with his attorney. Appellant did not request a recess, and the record suggests defense counsel already knew of Appellant's

Case No. 19 MA 0019

plan to move to withdraw the plea if he was unsatisfied with the sentence. After the court announced its sentence and asked if counsel had anything further to add, defense counsel said Appellant had a request to make after the court was finished, at which point Appellant voiced his oral plea withdrawal motion. Notably, Appellant was prepared with the proper legal terminology, asking to withdraw the plea based on a "manifest injustice." As Appellant's brief recognizes, this was not a presentence plea withdrawal motion, which does not have as stringent parameters. The sentencing court allowed Appellant to voice his motion at a hearing on the record. The court was not required to examine him to help him develop his allegations, and Appellant cites nothing supporting such a suggestion. If he had more to say or evidence to submit, he should have filed a written motion and asked for a separate hearing. Appellant placed his credibility before the court on the record when he made his motion, and he provided no support for his claim of promise or innocence (on the vehicular assault charge or the other three charges). *See Smith*, 49 Ohio St.2d at 264 (credibility, good faith, and weight are subjects for the trial court when ruling on the withdrawal motion).

{¶24} Appellant's apparent strategy was what the rigorous standard in Crim.R. 32.1 was designed to prevent: a plan to "test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *Caraballo*, 17 Ohio St.3d at 67. *See also Smith*, 49 Ohio St.2d at 264 (the strict post-sentence withdrawal rule "seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment"). Appellant's motion for post-sentence plea withdrawal did not demonstrate this was an "extraordinary" case. *See Smith*, 49 Ohio St.2d at 264. Appellant failed to demonstrate a manifest injustice, and the trial court did not abuse its discretion by denying the plea withdrawal motion as presented to the court.

{¶25} For the foregoing reasons, Appellant's assignment of error is overruled, and the trial court's judgment is affirmed.

Waite, P.J., concurs.

Cannon, J., concurs.

Case No. 19 MA 0019

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**