[Cite as *State v. Sampsel*, 2022-Ohio-1809.]

**IN THE COURT OF APPEALS OF OHIO**
**THIRD APPELLATE DISTRICT**
**CRAWFORD COUNTY**


**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**                    **CASE NO.  3-21-24**

    **v.**

**CHARLES SAMPSEL,**                **O P I N I O N**

    **DEFENDANT-APPELLANT.**


**Appeal from Crawford County Common Pleas Court**
**Trial Court No. 21-CR-0296**

**Judgment Affirmed**

**Date of Decision:  May 31. 2022**


**APPEARANCES:**

    *Howard A. Elliott* **for Appellant**

    *Bailey Higgins* **for Appellee**

Case No. 3-21-24

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Charles Sampsel ("Sampsel"), appeals the November 4, 2021 judgment entry of the Crawford County Court of Common Pleas, General Division, denying his request to withdraw his guilty plea. For the reasons that follow, we affirm.

{¶2} On August 31, 2021, Sampsel was indicted on one criminal count of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(b), a third-degree felony in the instant case. On September 15, 2021, Sampsel appeared in the trial court and entered a plea of not guilty.

{¶3} On September 24, 2021, Sampsel withdrew his plea of not guilty and entered into a negotiated-plea agreement with the State. The plea agreement included a joint-sentencing recommendation of 12-month prison term conditioned upon Sampsel's compliance with his bond conditions. At the plea hearing, the trial court conducted its Crim.R. 11 colloquy, accepted Sampsel's guilty plea, ordered that Sampsel be released on a personal-recognizance bond, and set the matter for sentencing.

{¶4} Prior to sentencing, the State filed a motion to revoke Sampsel's bond for violation of his bond conditions.[1] Thereafter, Sampsel filed a motion to withdraw his guilty plea and a motion to continue his sentencing hearing. On

---

[1] The basis of the State's motion was Sampsel's failure to report for his schedule office visit for drug testing.

Case No. 3-21-24

October 13, 2021, the trial court convened a bond-revocation hearing wherein the trial court revoked Sampsel's bond but granted the motion to continue the sentencing hearing pending a hearing on the motion to withdraw.[2] (*See* Oct. 13, 2021 Tr. at 3-5).

{¶5} On November 3, 2021, the trial court held a motion-to-withdraw-guilty-plea hearing. After considering the arguments and taking evidence, the trial court denied Sampsel's motion to withdraw his guilty plea. Ultimately, the trial court sentenced Sampsel to a 24-month prison term. The trial court filed its judgment entry of sentence on November 4, 2021.

{¶6} Sampsel filed timely notice of appeal and raises a single assignment of error for our review.

### Assignment of Error

**The trial court errs a matter of the law, and abuses its discretion, when denying the Defendants to [sic] motion to withdraw a plea of guilty prior to an imposition of sentence. [sic] Where the Defendant has asserted a defense and a claim of innocence in moving to withdraw his plea.**

{¶7} In his sole assignment of error, Sampsel argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea.

---

[2] The trial court was notified that Sampsel eventually appeared for his scheduled office visit untimely, and then, tested positive for amphetamines and methamphetamines.

Case No. 3-21-24

*Standard of Review*

{¶8} Appellate review of the trial court's denial of a Crim.R. 32.1 motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Artis*, 3d Dist. Logan Nos. 8-19-52 and 8-19-53, 2020-Ohio-4018, ¶ 10; *see State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Artis* at ¶ 10, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

*Presentence Motion to Withdraw a Guilty Plea*

{¶9} Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." While "a presentence motion to withdraw a guilty plea should be freely and liberally granted[,] * * * a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992).

{¶10} "A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie*, paragraph one of the syllabus. Some of the factors we consider when reviewing the trial court's decision to grant or deny a presentence motion to withdraw a plea are as follows:

> 1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of

-4-

the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges.

*State v. Maney*, 3d Dist. Defiance Nos. 4-12-16 and 4-12-17, 2013-Ohio-2261, ¶ 18, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001), and *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). No one factor is determinative on its own, and there may be any number of additional aspects "weighed" according the specific facts and circumstance presented in each case. *Griffin* at 554; *accord Fish* at 240.

**{¶11}** The record reveals that at the motion-to-withdraw-guilty-plea hearing, Sampsel's focus was on the ninth factor (i.e., a claim of innocence) and the State countered his claim of innocence alleging it was merely a "change of heart".

**{¶12}** On appeal, Sampsel directs our attention to the first and the ninth factors and argues that the trial court's application of the remaining factors was limited. The State contradicts this assertion.

**{¶13}** Indeed, it is clear from our review that the trial court considered *all* of the factors. However, the trial court focused its analysis primarily on the sixth, seventh, and ninth factors because those factors were the most relevant to the circumstances involved herein. Specifically, the trial court noted, and we agree, that

the timing of Sampsel's motion is suspect. That is–Sampsel only raised his claim of innocence *after* he breached his plea agreement by not complying with bond conditions while he awaited sentencing. Hence, when Sampsel requested to withdraw his plea he knew that the State was no longer obligated to honor the negotiated plea agreement.

{¶14} Moreover, Sampsel attempted (at his motion-to-withdraw-guilty-plea hearing) to characterize his guilty plea as an *Alford* plea stressing that he admitted to the offense (knowing he was innocent) to protect his (now deceased) fiancé. Pointedly, Sampsel did not enter an *Alford* plea at the change-of-plea hearing nor did he ever offer a protestation of his innocence. *See State v. Ja*ckson, 3d Dist. Wyandot No. 9-99-50, 2000 WL 376424, *3-4 (Apr. 13, 2000) (Shaw, J., concurring in judgment only) (stating that it was unclear and undeterminable from the record whether Jackson's purported *Alford* plea contained a "'protestation of innocence that is the general hallmark of such a plea'"). On the contrary, the record supports that Sampsel entered his guilty plea knowing the benefits and risks associated with his change of plea because he was willing to admit guilt to secure the State's agreement not to oppose his release on bond pending sentencing together with a joint-sentencing recommendation of only 12 months.

{¶15} Further, Sampsel's claim of innocence did not arise until *after* he breached the terms of his plea agreement as to his bond conditions/plea agreement.

As such, his claim of innocence cannot be substantiated. Here, Sampsel's newly asserted claim of innocence is contradicted by his statements at the change-of-plea hearing wherein he voluntarily, intelligently, and knowingly admitted guilt to the aggravated-possession-of-drugs charge. (Sept. 24, 2021 Tr. at 38-41). *See State v. Motley*, 1st Dist. Hamilton Nos. C-040430 and C-04031, 2005-Ohio-2450, ¶ 10.

{¶16} Under the facts presented, we conclude that Sampsel's motion to withdraw his plea is a merely a "change of heart" since his stated reasons for withdrawal are not found in the record.

{¶17} After our review of the record and the reasonable-and-legitimate-basis factors, we conclude that the trial court did not abuse its discretion by denying Sampsel's motion to withdraw his plea.

{¶18} Accordingly, Sampsel's sole assignment of error is overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**