[Cite as *State v. Thompson*, 2024-Ohio-5348.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2024-CA-26 |
| v. | : | Trial Court Case No. 2023-CR-0343 |
| DOUGLAS MARLIN THOMPSON | : | (Criminal Appeal from Common Pleas Court) |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 8, 2024

. . . . . . . . . . .

THOMAS W. KIDD, JR., Attorney for Appellant

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Douglas Marlin Thompson appeals from his conviction following a guilty plea to one count of aggravated drug possession with a forfeiture specification.

{¶ 2} Thompson challenges the validity of his plea, arguing that it was not entered knowingly, intelligently, and voluntarily. He also contends the trial court erred in not ruling

on an oral plea-withdrawal motion he made at sentencing.

{¶ 3} We conclude that Thompson's plea was valid and that the trial court implicitly and correctly overruled the plea-withdrawal motion. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} Thompson pled guilty to the above-referenced charge and specification in exchange for the State's conditional promise to remain silent at sentencing. The State's promise was conditioned on his appearing for final disposition, not violating the terms of his own-recognizance bond, and not committing a new offense before sentencing. If Thompson breached these terms, the plea agreement permitted the State to advocate for any disposition at sentencing.

{¶ 5} In two separate filings, Thompson's probation officer later advised the trial court that he had violated his bond conditions by admitting marijuana and methamphetamine use and committing other infractions. In response, the trial court revoked the bond and issued a capias.

{¶ 6} During his subsequent sentencing hearing, Thompson admitted not complying with the conditions of his bond. He also acknowledged being at fault, claiming he had failed to read the rules. In response, the trial court pointed out that Thompson had signed a paper setting forth the rules. The prosecutor then spoke and requested a 36-month prison sentence based on Thompson's non-compliance with bond and his extensive felony record. The trial court imposed the requested 36-month prison term. Thompson timely appealed, advancing two assignments of error.

## II. Analysis

**{¶ 7}** The first assignment of error states:

THOMPSON'S PLEA OF GUILTY WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE IN COMPLIANCE WITH RULE 11(C) OF THE OHIO RULES OF CRIMINAL PROCEDURE.

**{¶ 8}** Thompson challenges the validity of his guilty plea, arguing that he did not enter it knowingly, intelligently, and voluntarily. While he notes that Crim.R. 11 requires various advisements to ensure a plea's validity, he does not claim the trial court failed to make any of them. Instead, he contends the State breached the plea agreement by not remaining silent at sentencing. He reasons that this post-plea breach rendered his prior entry of the guilty plea involuntary.

**{¶ 9}** We find Thompson's argument to be unpersuasive. As an initial matter, there was no breach of the plea agreement. The State's obligation to remain silent was conditioned on Thompson's compliance with the terms of his own-recognizance bond. The trial court found that he had violated those conditions. At sentencing, Thomson admitted at least one violation. Therefore, the State was not obligated to remain silent at sentencing.

**{¶ 10}** Although Thompson complains about the lack of a bond-violation hearing, the trial court was not required to hold one before finding a violation. *State v. Winstead*, 2015-Ohio-5391, ¶ 40 (2d Dist.); *see also State v. Gardner*, 2022-Ohio-2973, ¶ 31 (2d

Dist.). This is particularly true where Thompson admitted the violation at sentencing. *Winstead* at ¶ 40. In any event, the procedure underlying the trial court's finding of a bond violation had no bearing on the validity of Thompson's prior guilty plea. Nor did the State's alleged breach of the plea agreement affect the validity of the underlying plea. We fail to see how a breach of the plea agreement, even if it had occurred, would have rendered Thompson's plea itself involuntary. Accordingly, we overrule the first assignment of error.

{¶ 11} The second assignment of error states:

THE TRIAL COURT ERRED IN FAILING TO RULE ON THOMPSON'S MOTION TO WITHDRAW PLEA.

{¶ 12} Twice during his sentencing hearing Thompson orally requested to withdraw his guilty plea. He contends the trial court erred in failing to rule on these requests, and he seeks a remand for a hearing on the issue.

{¶ 13} After the trial court orally imposed a 36-month prison sentence, Thompson stated that he wanted to appeal. He then added: "I want to take back my guilty plea, actually." The trial court ignored this statement and proceeded with sentencing-related advisements. When it finished, the trial court asked whether Thompson had any questions. He responded: "Yeah, I would like to revoke my guilty plea." The trial court replied: "Well, you can add that to your appeal and we'll see what the Second District Court of Appeals has to say about that."

{¶ 14} Thompson concedes that his oral plea-withdrawal requests must be characterized as post-sentence motions because he had been told his sentence. To prevail on a post-sentence motion, a defendant must demonstrate a manifest injustice.

*State v. Hawke*, 2020-Ohio-511, ¶ 13 (2d Dist.). This standard typically requires a clear and openly unjust act or some fundamental flaw in the plea proceeding. *Id.* A defendant's change of heart upon learning his sentence does not satisfy the manifest-injustice standard. *Id.* at ¶ 18. We review a trial court's ruling on a post-sentence plea-withdrawal motion for an abuse of discretion. *Id.* at ¶ 14.

{¶ 15} Upon review, we find no merit in Thompson's argument about his plea-withdrawal requests. The trial court was not obligated to address the pro se requests because he had counsel to assist him. When a represented defendant makes a pro se motion without any indication of support from counsel, the motion is improper and may be ignored. *Biltmore Tower Apts. v. Dalton*, 2018-Ohio-2963, ¶ 9 (2d Dist.); *see also State v. Castagnola*, 2018-Ohio-1604, ¶ 14 (9th Dist.) ("Because a defendant does not have a right to hybrid representation, a trial court may not entertain pro se motions filed while a defendant is represented by counsel.").

{¶ 16} In any event, the trial court implicitly denied Thompson's requests to withdraw his guilty plea. It acknowledged the second request and invited him to raise the issue on appeal. We infer from this statement that the trial court denied the motion. We see no abuse of discretion. The sentencing transcript makes clear that Thompson had a change of heart about his guilty plea after discovering his sentence. Prior to the trial court's imposition of a 36-month prison term, he participated in the hearing and gave no indication that he wished to withdraw his plea. Immediately after hearing his sentence, however, he asked to withdraw the plea. Under these circumstances, the trial court reasonably denied the plea-withdrawal motion. The second assignment of error is

overruled.

### III. Conclusion

{¶ 17} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.