[Cite as *State v. Davis*, 2026-Ohio-1110.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

DAVE WHITAKER DAVIS, JR.,

    DEFENDANT-APPELLANT.

CASE NO. 9-25-07

OPINION AND
JUDGMENT ENTRY

---

Appeal from Marion County Common Pleas Court
Trial Court No. 24-CR-117

Judgment Affirmed

Date of Decision:  March 30, 2026

---

APPEARANCES:

    *April F. Campbell* for Appellant

    *T. Parker Schwartz II* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Dave Whitaker Davis, Jr. ("Davis") appeals the judgment of the Marion County Court of Common Pleas, asserting that the trial court erred by not permitting him to withdraw his guilty plea. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On March 27, 2024, Davis was indicted on one count of involuntary manslaughter in violation of R.C. 2903.04(A), a first-degree felony; one count of corrupting another with drugs in violation of R.C. 2925.02(A)(1), a second-degree felony; and one count of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(1), a fifth-degree felony.

{¶3} At a change of plea hearing on March 21, 2025, the parties discussed the terms of a plea agreement and jointly recommended that Davis receive an indefinite prison term of three years to four-and-a-half years. During the Crim.R. 11 colloquy, the trial court informed Davis that it was not bound by the joint sentencing recommendation from the parties. Davis nevertheless entered a plea of guilty to one count of corrupting another with drugs in violation of R.C. 2925.02(A)(1), a second-degree felony. The trial court then dismissed the remaining charges in the indictment on motion of the State.

{¶4} At the sentencing hearing on March 25, 2025, the trial court declined to impose the jointly recommended sentence and instead ordered Davis to serve an indefinite prison term of eight years to twelve years. After the trial court pronounced the prison sentence, Davis stated that he wanted to withdraw his guilty plea because the jointly recommended sentence was not imposed. The trial court eventually ordered a brief recess because Davis continued to repeat his request to withdraw his plea.

{¶5} After the sentencing hearing resumed, the trial court completed the process of sentencing Davis. Defense counsel then orally indicated that Davis had wanted to withdraw his guilty plea. In response, the trial court noted that any such request would constitute a post-sentence motion to withdraw and that no showing of a manifest injustice had been made. No written motion to withdraw the guilty plea was ever filed with the trial court. On March 27, 2025, the trial court issued its judgment entry of sentencing.

*Assignment of Error*

{¶6} Davis filed his notice of appeal on April 5, 2025. On appeal, he raises the following assignment of error:

> **The trial court erred in not allowing Davis to withdraw his plea and erred in not setting a hearing to address Davis' motion to withdraw his plea.**

*Legal Standard*

**{¶7}** Under Crim.R. 32.1, a post-sentence motion to withdraw a plea is governed by a different standard than a pre-sentence motion to withdraw a plea.

> This distinction rests upon practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.

*State v. West*, 2018-Ohio-1176, ¶ 7 (9th Dist.), quoting *Kadwell v. U.S.*, 315 F.2d 667, 670 (9th Cir. 1963).

**{¶8}** Pursuant to Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw only "to correct a manifest injustice . . . ." *See State v. Leamman*, 2022-Ohio-2057, ¶ 16 (12th Dist.). "The defendant bears the burden of establishing the existence of 'manifest injustice,' which is a clear or openly unjust act." *State v. Bingham*, 2024-Ohio-2861, ¶ 20 (3d Dist.). A post-sentence motion to withdraw a plea "will be granted only in extraordinary cases." *Id.*

**{¶9}** "A hearing on a post-sentence motion to withdraw a plea 'is not mandatory.'" *Bingham* at ¶ 35, quoting *State v. Moore*, 2012-Ohio-657, ¶ 13 (3d Dist.). Rather,

> '[t]he movant must establish a reasonable likelihood that withdrawal of his plea is necessary to correct a manifest injustice before a trial court must hold a hearing on his motion.' . . . *State v. Stewart*, 2d Dist. Green No. 2003-CA-28, 2004-Ohio-3574, ¶ 6. . . . Additionally,

'a court is not required to hold an evidentiary hearing on a Crim.R. 32.1 motion so that evidence outside the record can be presented when the motion and record do not present a reasonable likelihood of a manifest injustice.' *State v. Johnson*, 2d Dist. Champaign No. 2018-CA-27, 2019-Ohio-1259, ¶ 15.

(Citations omitted.) *Leamman* at ¶ 17-18.

*Standard of Review*

{¶10} "An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of discretion standard." *Bingham* at ¶ 19, quoting *State v. Straley*, 2019-Ohio-5206, ¶ 15. An abuse of discretion occurs when the trial court's decision was unreasonable, arbitrary, or unconscionable. *Bingham* at ¶ 19.

*Legal Analysis*

{¶11} On appeal, Davis argues the trial court erred by denying his motion to withdraw his plea in the absence of a hearing. As an initial matter, we note that Davis interrupted the trial court at his sentencing hearing to assert that he wanted to withdraw his plea, even though he was represented by counsel at this time. Thus, his assertions at the sentencing hearing do not, strictly speaking, constitute a proper motion. *State v. Thompson*, 2024-Ohio-5348, ¶ 13, 16 (2nd Dist.) (noting that a defendant is not to make pro se motions while represented by counsel).

{¶12} At the conclusion of the sentencing hearing, defense counsel did indicate orally that Davis wanted to withdraw his plea. The trial court then noted that any such request would constitute a post-sentence motion to withdraw his plea and that no showing of a manifest injustice had been made. However, in this appeal,

Davis only makes arguments that are based upon the legal standard that governs pre-sentence motions to withdraw a plea.

{¶13} Because no motion to withdraw was made prior to the pronouncement of sentence, the trial court did not err in concluding that the standard for post-sentence motions to withdraw is applicable in this case. *State v. McComb*, 2009-Ohio-295, ¶ 7 (2d Dist.); *State v. Matthews*, 2011-Ohio-1265, ¶ 2, 25 (6th Dist.); *State v. Chestnut*, 2025-Ohio-4787, ¶ 33 (7th Dist.). *West*, 2018-Ohio-1176, at ¶ 3, 8 (9th Dist.); *State v. Hill*, 2013-Ohio-674, ¶ 8, 14 (10th Dist.). As such, we will evaluate Davis's arguments under the standard for post-sentence motions to withdraw.

{¶14} Turning to the facts of this case, Davis first expressed a desire to withdraw his guilty plea after he discovered that he did not receive the indefinite prison term of three to four-and-a-half years that had been jointly recommended by the parties. *Thompson*, 2024-Ohio-5348, at ¶ 13, 16 (2nd Dist.). He then alleged that his attorney had advised him that he would receive the jointly recommended sentence.

{¶15} Even if defense counsel had suggested that Davis was likely to receive the jointly recommended prison sentence, a "mere inaccurate prediction" does not provide grounds for withdrawing the guilty plea in this case because Davis was notified by the trial court at the change of plea hearing that it was not bound by the joint recommendation of the parties. *State v. Royal*, 2017-Ohio-4146, ¶ 11 (1st

Dist.); *State v. Collins*, 2019-Ohio-249, ¶ 13 (8th Dist.) ("Manifest injustice does not result from a mere inaccurate prediction of the sentence by counsel."). The written plea agreement also stated that the joint recommendation of the parties did not bind the trial court. Further, the trial court made Davis aware of the maximum prison sentence that he could receive and that it was not bound by the jointly recommended sentence.

{¶16} The timing and content of his oral motion to withdraw indicate that Davis merely had a change of heart after he did not receive the prison term that he had expected. "Without more, 'a "change of heart" is not sufficient justification to withdraw a plea.'" *State v. Bertuzzi*, 2025-Ohio-329, ¶ 21 (3d Dist.), quoting *State v. Martre*, 2019-Ohio-2072, ¶ 12 (3d Dist.). *See also State v. Owens*, 2022-Ohio-160, ¶ 35 (12th Dist.) (noting that a mere change of heart is not sufficient to justify withdrawal of a plea under the more liberal standard that governs pre-sentence motions to withdraw); *State v. Sampsel*, 2022-Ohio-1809, ¶ 10, 16 (3d Dist.).

{¶17} A trial court's decision not to follow a joint-sentencing recommendation does not constitute a manifest injustice under Crim.R. 32.1. *See State v. Lyttle*, 2013-Ohio-2608, ¶ 24 (3d Dist.) ("A trial court does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by

the prosecutor."), quoting *State ex rel. Duran v. Kelsey*, 2005-Ohio-3674, ¶ 6 (3d Dist.). *See State v. Underwood*, 2010-Ohio-1, ¶ 28 (3d Dist.).

**{¶18}** As to whether the trial court erred by failing to hold a hearing on Davis's motion to withdraw his plea, we note that "[o]ne risk of orally moving to withdraw the plea immediately after the sentence is imposed is that the oral motion will not contain sufficient allegations or cite to relevant evidence." *State v. Kopnitsky*, 2019-Ohio-5066, ¶ 20 (7th Dist.). At sentencing, Davis's stated reasons for withdrawing his plea indicated only that he had experienced a mere change of heart after his prison sentence had been pronounced. As noted previously, Davis's assertions were not sufficient to allege a manifest injustice. Thus, the trial court did not err by failing to hold a hearing. *See Kopnitsky* at ¶ 20; *Bingham* at ¶ 35.

**{¶19}** Having examined the entire record, we find no indication of a manifest injustice in this case. For this reason, the trial court did not abuse its discretion in deciding not to permit Davis to withdraw his guilty plea. Accordingly, the sole assignment of error is overruled.

*Conclusion*

**{¶20}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**MILLER and WALDICK, J.J., concur.**

Case No. 9-25-07

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

_____
John R. Willamowski, Judge


_____
Mark C. Miller, Judge


_____
Juergen A. Waldick, Judge

DATED:
/hls

-9-